## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1)**<br>**JEANNE R. SHURTZ,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**(1)**<br>**NEWKIRK PUBLIC SCHOOLS,**<br>**OKLAHOMA INDEPENDENT**<br>**SCHOOL DISTRICT NO. 125,**<br>**an Oklahoma Independent**<br>**School District;**<br>**(2)**<br>**BOARD OF EDUCATION FOR**<br>**NEWKIRK PUBLIC SCHOOLS,**<br>**OKLAHOMA INDEPENDENT**<br>**SCHOOL DISTRICT NO. 125; and,**<br>**(3)**<br>**STEVE STANLEY,**<br>**an individual,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>) **Case No. CIV-** 18-178-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

COMES NOW the Plaintiff, Jeanne R. Shurtz, by and through her counsel of record, Wells Law Firm, and for her causes of action and claims for relief against the Defendant, Newkirk Public Schools, Oklahoma Independent School District No. 125, Defendant Board of Education for Newkirk Public Schools, Oklahoma Independent School District No. 125, and Defendant, Steve Stanley, states the following upon information and belief:

<u>PARTIES</u>

1.      Plaintiff, Jeanne R. Shurtz ("Plaintiff"), is a resident and domiciliary of the State of Kansas.

2.      Defendant Newkirk Public Schools, Oklahoma Independent School District No. 125 ("Defendant NPS" or "Defendants"), is an Oklahoma Independent School District located in Kay County, Oklahoma.

3.      Defendant Board of Education for Newkirk Public Schools, Oklahoma Independent School District No. 125 ("Defendant BOE," collectively with Defendant NPS as "Defendant NPS" or "Defendants"), is the governing body for Defendant NPS.

4.      Defendant Steve Stanley ("Defendant Stanley" or "Defendants") currently resides in Pottawatomie County, Oklahoma.

<u>JURISDICTION AND VENUE</u>

5.      Plaintiff incorporates herein by reference each of the preceding allegations contained in this Complaint.

6.      Plaintiff is pursuing claims under the federal Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. §§ 621 et seq., the federal Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101 et seq., the federal Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. §§ 2601 et seq., and the Oklahoma Anti-Discrimination Act, as amended ("OADA"), Okla. Stat. Ann. tit. 25, §§ 1101 et seq.  This Court has subject

matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Defendant NPS.

8.      This Court has personal jurisdiction over Defendant BOE.

9.      This Court has personal jurisdiction over Defendant Stanley.

10.     Venue is proper as a substantial part of the events, acts and omissions giving rise to Plaintiff's claims occurred in and/or arose out of Kay County, Oklahoma.

## FACTUAL ALLEGATIONS

11.     Plaintiff incorporates herein by reference each of the preceding allegations contained in this Complaint.

12.     Plaintiff was employed with Defendant NPS from 1990 through and including the 2016-2017 school year.

13.     During the course of her employment, Plaintiff was primarily employed as a Teacher, Speech Pathologist and Special Olympics Coach.

14.     Defendant Stanley was the Superintendent for Defendant NPS through and including the end of the 2015-16 school year.

15.     Brady Barnes ("Barnes") is the current Superintendent for Defendant NPS, and has been since the 2016-2017 school year.

16.     On June 19, 2015, Plaintiff filed a Charge of Discrimination with the Office of the Oklahoma Attorney General ("OAG") and the U.S. Equal Employment

3

Opportunity Commission ("EEOC") alleging violations of the ADA and the OADA (the "2015 Charge").

17.     As alleged in the 2015 Charge, Plaintiff was subjected to discrimination, (including a hostile work environment) and retaliation during the course of the 2014-2015 school year due to her association with individuals with disabilities (her students and Special Olympic athletes) in violation of the ADA and the OADA.

18.     As alleged in the 2015 Charge, Plaintiff was paid less wages than her similarly-situated colleagues during the course of the 2014-2015 school year due to her association with individuals with disabilities (her students and Special Olympic athletes) in violation of the ADA and the OADA.

19.     As alleged in the 2015 Charge, Plaintiff was subjected to standards and requirements that were different and more onerous than those imposed on her similarly-situated colleagues with regard to the use of sick leave and personal leave during the course of the 2014-2015 school year, culminating in the imposition of discipline on March 24, 2015, due to her association with individuals with disabilities (her students and Special Olympic athletes) in violation of the ADA and the OADA.

20.     On July 11, 2016, Plaintiff filed a Charge of Discrimination with the OAG and the EEOC alleging discrimination and retaliation in violation of the ADEA and the OADA (the "2016 Charge").

21.     As alleged in the 2016 Charge, then-Middle School Principal Jeff Wilson ("Wilson") approached Plaintiff on March 2, 2016, at the direction of Defendant

4

Stanley and suggested to Plaintiff that she retire from employment in violation of the ADA, the ADEA and the OADA.

22.     As alleged in the 2016 Charge, Wilson approached Plaintiff on March 4, 2016, at the direction of Defendant Stanley and again suggested to Plaintiff that she retire from employment in violation of the ADA, the ADEA and the OADA.

23.     As alleged in the 2016 Charge, Wilson approached Plaintiff on April 5, 2016, at the direction of Defendant Stanley and again suggested to Plaintiff that she retire from employment in violation of the ADA, the ADEA and the OADA.

24.     On September 22, 2017, Plaintiff filed a Charge of Discrimination with the OAG and the EEOC alleging retaliation in violation of the ADA, ADEA and the OADA (the "2017 Charge").

25.     As alleged in the 2017 Charge, Barnes informed Plaintiff on April 11, 2017, that he was not going to rehire the Plaintiff for the 2017-2018 school year due to budget reasons.

26.     Subsequent to her April 11, 2017, discussion with Barnes, and as alleged in the 2017 Charge, Plaintiff learned from a patron of the school district that, while the patron was discussing with Barnes why the Plaintiff was not rehired for the 2017-2018 school year, Barnes told the patron that, though Plaintiff was an excellent teacher and coach, Barnes decided not to rehire the Plaintiff because Barnes was tired of dealing with the "lawsuit" that Plaintiff had filed, including the time and expense.

27.     As alleged in the 2017 Charge, Barnes' decision not to rehire Plaintiff for the 2017-2018 school year because of her filing of the 2015 Charge and the 2016 Charge was in violation of the ADA, ADEA and OADA.

28.     A Dismissal and Notice of Rights was mailed to the Plaintiff on November 22, 2017, via certified mail and received by the Plaintiff on November 27, 2017.

29.     Plaintiff underwent a surgery to address a medical condition on April 8, 2014.

30.     Plaintiff underwent a surgery to address a medical condition on September 2, 2014.

31.     Plaintiff sustained an on-the-job injury on November 10, 2015.

32.     As a result of the above-referenced surgeries and on-the-job injury, Plaintiff had to periodically miss work to undergo medical treatment, rehabilitation and recovery, including some absences that extended beyond three days.

33.     Beginning on or about October 3, 2014, and continuing through and including the end of the 2015-16 school year, Defendant Stanley required Plaintiff to notify him of any such absences in excess of two days.

34.     From the time Defendant Stanley imposed the notification mandate upon Plaintiff, and continuing through and including the end of the 2015-16 school year, Plaintiff complied with the notification mandate.

35.     Defendant Stanley did not impose any such notification mandate upon

6

any other employees.

36.     Plaintiff filed an action alleging violations of the FMLA against Defendant NPS and Defendant Stanley on March 24, 2017 (*Jeanne R. Shurtz v. Newkirk Public Schools, Oklahoma Independent School District No. 125*, et al., Case No. CIV-17-335-M, U.S. District Court, Western District of Oklahoma), and dismissed the action without prejudice on July 21, 2017.

## PLAINTIFF'S CLAIMS

### Count I

### ADA and OADA Discrimination

37.     Plaintiff incorporates herein by reference each of the preceding allegations contained in this Complaint.

38.     Defendant NPS was an "employer" as defined under the ADA at all times material in the case at bar as Defendant NPS employed in excess of 15 employees at all times material in the case at bar.

39.     Defendant NPS was an "employer" as defined under the OADA at all times material in the case at bar.

40.     Plaintiff was an "employee" as defined under the ADA at all times material in the case at bar.

41.     Plaintiff was a "person" as defined under the ADA at all times material in the case at bar.

42.     Plaintiff was an "employee" as defined under the OADA at all times

material in the case at bar.

43.    Defendant NPS's payment of less wages to Plaintiff than her similarly-situated colleagues during the 2014-2015 school for performing the same or similar work due to her association with individuals with disabilities as alleged herein was in violation of the ADA.

44.    Defendant NPS's payment of less wages to Plaintiff than her similarly-situated colleagues during the 2014-2015 school for performing the same or similar work due to her association with individuals with disabilities as alleged herein was in violation of the OADA.

45.    Defendant NPS's imposition of discipline on March 24, 2015, due Plaintiff's association with individuals with disabilities as alleged herein was in violation of the ADA.

46.    Defendant NPS's imposition of discipline on March 24, 2015, due Plaintiff's association with individuals with disabilities as alleged herein was in violation of the OADA.

## Count II

### ADEA and OADA Discrimination

47.    Plaintiff incorporates herein by reference each of the preceding allegations contained in this Complaint.

48.    Defendant NPS was an "employer" as defined under the ADEA at all times material in the case at bar as Defendant NPS employed in excess of 20

employees at all times material in the case at bar.

49.    Defendant NPS was an "employer" as defined under the OADA at all times material in the case at bar.

50.    Plaintiff was an "employee" as defined under the ADEA at all times material in the case at bar.

51.    Plaintiff was an "employee" as defined under the OADA at all times material in the case at bar.

52.    Wilson's multiple suggestions to the Plaintiff that she retire from employment as alleged herein were in violation of the ADEA.

53.    Wilson's multiple suggestions to the Plaintiff that she retire from employment as alleged herein were in violation of the OADA.

## Count III

## ADA and OADA Retaliation

54.    Plaintiff incorporates herein by reference each of the preceding allegations contained in this Complaint.

55.    Defendant NPS was an "employer" as defined under the ADA at all times material in the case at bar as Defendant NPS employed in excess of 15 employees at all times material in the case at bar.

56.    Defendant NPS was an "employer" as defined under the OADA at all times material in the case at bar.

57.    Plaintiff was an "employee" as defined under the ADA at all times

material in the case at bar.

58.     Plaintiff was a "person" as defined under the ADA at all times material in the case at bar.

59.     Plaintiff was an "employee" as defined under the OADA at all times material in the case at bar.

60.     Wilson's multiple suggestions to the Plaintiff that she retire from employment as alleged herein in retaliation for filing the 2015 Carge were in violation of the ADA.

61.     Wilson's multiple suggestions to the Plaintiff that she retire from employment as alleged in retaliation for filing the 2015 Charge were in violation of the OADA.

62.     Barnes' decision not to rehire the Plaintiff for the 2017-2018 school year because he was tired of the Plaintiff's "lawsuit," including the time and expense, as alleged herein was in retaliation for Plaintiff's filing of the 2015 Charge in violation of the ADA.

63.     Barnes' decision not to rehire the Plaintiff for the 2017-2018 school year because he was tired of the Plaintiff's "lawsuit," including the time and expense, as alleged herein was in retaliation for Plaintiff's filing of the 2015 Charge in violation of the OADA.

## Count IV

## ADEA and OADA Retaliation

64.    Plaintiff incorporates herein by reference each of the preceding allegations contained in this Complaint.

65.    Defendant NPS was an "employer" as defined under the ADEA at all times material in the case at bar as Defendant NPS employed in excess of 20 employees at all times material in the case at bar.

66.    Defendant NPS was an "employer" as defined under the OADA at all times material in the case at bar.

67.    Plaintiff was an "employee" as defined under the ADEA at all times material in the case at bar.

68.    Plaintiff was an "employee" as defined under the OADA at all times material in the case at bar.

69.    Barnes' decision not to rehire the Plaintiff for the 2017-2018 school year because he was tired of the Plaintiff's "lawsuit," including the time and expense, as alleged herein was in retaliation for Plaintiff's filing of the 2016 Charge in violation of the ADA.

70.    Barnes' decision not to rehire the Plaintiff for the 2017-2018 school year because he was tired of the Plaintiff's "lawsuit," including the time and expense, as alleged herein was in retaliation for Plaintiff's filing of the 2016 Charge in violation of the OADA.

## Count V

## FMLA Inteference

71.     Plaintiff incorporates herein by reference each of the preceding allegations contained in this Complaint.

72.     Defendant NPS was an "covered employer" as defined under the FMLA at all times material in the case at bar as Defendant NPS employed in excess of 50 employees at all times material in the case at bar.

73.     During all times material to the case at bar, Defendant Stanley was a "covered employer" as defined under the FMLA as Defendant Stanley was acting on behalf of Defendant NPS when he imposed and maintained the notification mandate upon Plaintiff as alleged herein.

74.     During all times material to the case at bar, Plaintiff was an "eligible employee" as defined under the FMLA.

75.     During all times material to the case at bar, Plaintiff was entitled to take leave for a "serious health condition" as defined under the FMLA subject to the rights and protections afforded under the FMLA.

76.     Defendant Stanley's imposition and maintenance of the notification mandate upon Plaintiff as alleged herein served to interfere with Plaintiff's exercise of her rights under the FMLA in violation of the FMLA.

## DAMAGES AND OTHER RELIEF

77.     Plaintiff incorporates herein by reference each of the preceding allegations contained in this Complaint.

78.     As a direct and proximate of Defendants' actions, and each of them, Plaintiff seeks the following damages and other relief:

A.     Actual, compensatory and punitive damages as authorized under the ADA;

B.     Actual and liquidated damages as authorized under the ADEA;

C.     Actual and liquidated damages as authorized under under the FMLA;

D.     Actual and liquidated damages as authorized under the OADA;

E.     Interest;

F.     Attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff, Jeanne R. Shurtz, respectfully requests this Court enter judgment in her favor and against the Defendants, and each of them on a joint and several basis, for an award of actual, compensatory, punitive and liquidated damages in excess of $75,000.00 (exclusive of interest, attorneys' fees and costs), interest, attorneys' fees, costs and any and all other relief this Court deems just and proper.

Respectfully Submitted,

s/William Wells
William Wells, OBA No. 14578
WELLS LAW FIRM
220 Court Plaza Building
228 Robert S. Kerr Avenue
Oklahoma City, OK 73102
Telephone:  (405) 627-2275
Facsimile:   (405) 239-2665
E-Mail:        billwells@web-law.com

ATTORNEYS FOR PLAINTIFF

ATTORNEYS' LIEN CLAIMED

JURY TRIAL DEMANDED